**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4511-17T2

PHILIP SAPIO,

      Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF THE
TREASURY,

      Defendant-Respondent.

_____

Argued March 27, 2019 – Decided April 10, 2019

Before Judges Alvarez, Nugent and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0770-17.

Jae H. Cho argued the cause for appellant (Cho Legal Group, LLC, attorneys; Kristen M. Logar, on the brief).

Francis A. Raso, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Francis A. Raso, on the brief).

PER CURIAM

Plaintiff, Philip Sapio, appeals from the summary judgment dismissal of his complaint, which sought compensation under the Mistaken Imprisonment Act (the Act), N.J.S.A. 52:4C-1 to -7. The Act requires that a suit "be brought by the claimant within a period of two years after his release from imprisonment, or after the grant of a pardon to him." N.J.S.A. 52:4C-4. Here, Sapio did not file suit within two years after his release from prison. Because he did not file his suit within two years as required by the Act, we affirm the trial court's summary judgment dismissal of his complaint.

The events that resulted in Sapio's mistaken incarceration began with his alleged violation of a final restraining order (FRO) issued pursuant to the Prevention of Domestic Violence Act of 1991, N.J.S.A. 2C:25-17 to -35. The victim and Sapio had been in a dating relationship. The FRO barred Sapio from entering, among other places, the victim's "place(s) of employment."

On June 11, 2013, Sapio was charged with contempt, N.J.S.A. 2C:29-9(b)(2), for violating the FRO the previous day by entering the victim's place of employment. The contempt charge was tried in the Family Part as required by N.J.S.A. 2C:25-30 ("All contempt proceedings conducted pursuant to [N.J.S.A.] 2C:29-9 involving domestic violence orders, other than those constituting

2                                                                                  A-4511-17T2

indictable offenses, shall be heard by the Family Part of the Chancery Division of the Superior Court.").

Sapio was convicted of contempt and sentenced to thirty days in jail. He appealed and the Appellate Division reversed his conviction. In its decision, the court recounted the evidence presented against Sapio at trial:

> [O]n June 10, 2013, [the victim] was employed by Opsin Eye Care (Opsin), a business that provides optometry services at various locations. [The victim] worked out of Opsin's offices in Howell Township, Neptune and Freehold. Opsin's office at the Howell Township location is within the National Vision Center, a business that sells eyewear. Opsin and National Vision Center are separate entities, and each rents space from Walmart to conduct its respective business. One gains access to the Opsin in Howell Township by going through the main door of the Walmart store and entering the National Vision Center, which is immediately inside of the door. Opsin operates its business behind a walled area that separates the two entities.

> On June 10, 2013, [the victim] was not working at the Howell Township location. Around noontime, defendant entered the Walmart, bought a pair of boots, and left. While he was leaving the store, he encountered an employee of Opsin that he knew, who had just used the restroom in Walmart and was returning back to work. After briefly exchanging pleasantries, defendant left. There is no evidence defendant entered Opsin or the National Vision Center. The following day, the complaint alleging he violated the FRO was issued.

A-4511-17T2

[State v. Sapio, No. A-0674-13 (App. Div. Feb. 24, 2015) (slip op. at 3-4).]

The trial court gave the following reasons for convicting defendant:

[The August 3, 2010 TRO] defined with specificity what the place of employment was for the complaining witness is National Vision in four Wal-Mart locations. So it says to me that her employment was at the Wal-Marts . . .

Then and we don't have a final with respect to that [TRO], but in [the November 7, 2011 FRO] which is a final that was issued with respect to [the October 6, 2011 TRO] . . . it just simply says . . . place of employment . . . [and] doesn't define it.

I think that I find beyond a reasonable doubt that the place of employment for the complaining witness is the Wal-Mart property. And . . . the defendant is actually seen in the aisle that goes right in front of the National Vision Center and it's near where the bathrooms are . . . I do not think the place of employment is limited by the corporate property at all.

I think that it's a reasonable interpretation of what place of employment is the Wal-Mart proper[ty]. And I find in particular that the defendant in this case was within feet of a common bathroom that the complaining witness would have to utilize and that he's within feet of the National Vision Center . . .

Am I saying that anywhere that he's found in the Wal-Mart that he would be found guilty, no. But in this case is he guilty, yes, because he's within feet of a common bathroom that his complaining witness has to use when she's working at this location . . . .

And in fact if she had to describe where she worked, she would say National Vision Center or [Ospin Eye Care] or whatever. But if she had to give someone well where do you work, meaning where do you work, what would she say. She'd say I work in the Wal-Mart.

[Id. slip. op. at 4-5.]

As noted, the Appellate Division reversed Sapio's conviction. The court explained:

The FRO does not set forth with any specificity that defendant was barred from the Walmart store. N.J.S.A. 2C:25-29(b)(6). The fact [the victim] may have had to traverse over or through other locations to reach her place of employment does not convert such locations into areas from which defendant is banned. Potentially, defendant is prohibited from entering these locations, but only if a court finds [the victim] regularly frequents them and they are specifically identified in a domestic violence order. N.J.S.A. 2C:25-29(b)(6). Accordingly, because the FRO did not prohibit defendant from entering the Walmart store, the State failed to prove beyond a reasonable doubt that defendant knowingly violated the FRO when he entered the store on June 10, 2013. Under these circumstances, defendant's conviction cannot stand.

[Id. slip op. at 7-8.]

Sapio began serving his thirty-day jail sentence on October 11, 2013. He was not released when the thirty days expired. When he allegedly violated the FRO, Sapio was on parole supervision for life as the result of a prior conviction

5

for criminal sexual contact, so the State Parole Board issued an arrest warrant for him due to the violation of the terms of his parole. Consequently, he remained incarcerated until he was again released on parole on July 24, 2014.

Sapio's release on July 24, 2014, triggered the running of the two-year limitations period for asserting a claim under the Act. N.J.S.A. 52:4C-4. Of course, he could not bring a claim at that time because his conviction had not been vacated. The Appellate Division reversed his contempt conviction on February 24, 2015. Although he had a year and five months remaining to file a claim within two years of his release, Sapio did not file a complaint for compensation under the Act until February 22, 2017, two days short of two years from the day of the Appellate Division opinion reversing his conviction.

After Sapio filed his complaint under the Act, the State filed a summary judgment motion. The State sought summary judgment on two grounds: first, the Act only applies to mistaken imprisonment for crimes, not disorderly persons offenses; second, Sapio's claim was barred by the Act's two-year filing requirement. The Law Division judge granted the motion, and Sapio appealed.

On appeal, Sapio contends, among other arguments, that his complaint should be deemed timely because he filed it within two years from the date of his exoneration, which occurred after he was released from prison, when the

Appellate Division reversed his conviction. He insists public policy compels this result, despite the Act's unambiguous language requiring a claim to be brought "within a period of two years after his release from imprisonment, or after the grant of a pardon to him[.]" N.J.S.A. 52:4C-4.

In Watson v. New Jersey Dep't of Treasury, 453 N.J. Super. 42 (App. Div. 2017), the court rejected the same argument. There, the court noted the Act "is, in part, a waiver of state sovereign immunity[.]" Id. at 48 (quoting Mills v. State, Dep't of Treasury, 435 N.J. Super. 69, 77 (App. Div. 2014)). For that reason, the court declined to depart from the principle of statutory construction that a court's interpretive process, with the goal of giving effect to the Legislature's intent, ends when "a plain reading of the statute 'leads to a clear and unambiguous result[.]'" Ibid. (quoting State v. D.A., 191 N.J. 158, 164 (2007)).

Watson is dispositive of this appeal. Sapio's claim under the Act is barred because he did not file it within two years of his release from prison. Because the trial court's summary judgment dismissal of Sapio's complaint must be affirmed for this reason, we need not decide the remaining issues he raises.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4511-17T2